[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The issue in this case is whether the plaintiff or defendant is entitled to summary judgment based on the interpretation of the term "final judgment" as used in a contract between the parties.
The plaintiff D'Elia Associates of Connecticut, Inc. and the defendant William Cooper entered into a Consulting Agreement on June 17, 1994. According to the terms of the contract, the plaintiff became obligated to pay to the defendant a certain monthly sum in exchange for consulting services and assistance in obtaining distribution rights. Paragraph 4 of the consulting agreement in dispute is set out hereinafter.
"The term of this Agreement shall expire on the sooner of the following (2) dates:
 (A) The date four (4) years after the commencement of the term of this Agreement; or
 (B) The date that the current pending litigation between William Cooper and Amana Refrigeration is concluded by final judgment or settlement in favor of Cooper (regardless of the final amount awarded by adjudication or settlement).
 Provided, however, that the term of this Agreement shall not expire sooner than one (1) year from the date of this commencement."
Paragraph 10 of the agreement mandates that it shall be construed according to the laws of the State of Connecticut.
There are two significant judgments in the litigation between William Cooper and Amana Refrigeration which entered in William Cooper's favor. On or about August 15, 1994 a judgment entered in the amount of $9.2 million in the U.S. District Court for New Jersey. Amana Refrigeration, Inc. appealed from that judgment. Although the Court of Appeals reversed that District Court's judgment on Cooper's breach of contract claim, it upheld the judgment in his favor of other grounds and remanded the matter for trial on the issue of damages. On October 22, 1997 the U.S. District Court, upon remand, entered a modified damages and judgment award of $377,000.
While the Cooper-Amana Refrigeration litigation was on-going, CT Page 15088 the plaintiff paid the defendant the agreed upon sum each month from August 1994 to November 1997. The plaintiff sent a letter dated November 24, 1997 to the defendant stating that the agreement between the two parties ended in October 1997, the date on which the District Court entered the new judgment in his favor in his litigation with Amana Refrigeration. The plaintiff also stated in this letter that the agreement technically expired with the filing of the earlier initial judgment of August 15, 1994, but that the payments continued because of the defendant's continuing expenses. The plaintiff then ceased making payments.
On or about February 23, 1998 William Cooper filed an appeal of the October 22, 1994 judgment of the District Court in the Cooper-Amana Refrigeration litigation.
Plaintiff D'Elia Associates of Connecticut, Inc. has filed a complaint seeking declaratory relief from this court. The plaintiff asserts before this court that since final judgment entered for William Cooper in the litigation between him and Amana Refrigerator on August 15, 1994, the consulting contract then expired and the plaintiff was obligated to pay the defendant for only the minimum of the one year term set out in the agreement.
On April 17, 1998, the defendant answered the complaint in this court and filed a counterclaim based on breach of contract. The defendant claims final judgment has not entered because the defendant filed various appeals throughout the course of the Cooper/Amana litigation. Since the defendant filed an appeal this year, which is now pending in the Court of Appeals, the defendant asserted that the plaintiff was obligated to pay him for the maximum term of four years, as set out in subparagraph A quoted above.
On July 7, 1998, the defendant filed a motion for summary judgment on its counterclaim. The plaintiff filed an objection to the defendant's motion for summary judgment as well as the plaintiff's own cross-motion for summary judgment on July 31, 1998. The defendant has filed an objection to the defendant's cross-motion for summary judgment.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." CT Page 15089 Practice Book § 17-49 (formerly § 384); Maffucci v. RoyalPark Ltd. Partnership, 243 Conn. 552, 555, 707 A.2d 15 (1998).
Both parties argue the contract is clear. However, both parties do not agree on the meaning of the phrase "final judgment." The plaintiff asserts final judgment was entered in August of 1994 when the District Court upheld the jury verdict in favor of Cooper. The defendant argues final judgment has not been entered because the defendant continues to appeal the decision.
"Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity." Pesino v.Atlantic Bank of New York, 244 Conn. 85, 92, 709 A.2d 540 (1998). "[W]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." Id.
Both parties agree that there is definitive contract language. Therefore, this case raises a true question of law that the court, not a jury, must decide. There is no genuine issue of material fact in the contract.
 As this court has previously noted, the effect of a pending appeal upon an otherwise final judgment has aptly been characterized as "[o]ne of the most troublesome problems in applying the rule of finality [of judgments]," because this is an area in which "[t]here are not technically precise and universally recognized rules . . ." F. James G. Hazard, Civil Procedure (3d Ed. 1985) § 11.4, p. 592
. . .
 The finality of a judgment may, however, depend upon the outcome of the pending appeal. If the trial court's judgment is sustained, or the appeal dismissed, the final judgment ordinarily is that of the trial court. If, however, there is reversible error, the final judgment is that of the appellate court. Preisner v. Aetna Casualty, 203 Conn. 407, 413, 414, 415 (1987).
Applying the expressed principles of Preisner, this court finds that a final judgment in the Cooper-Amana litigation has CT Page 15090 not been entered since an appeal of the substantive issues in that litigation is now pending. Thus, a determination of whether the judgment is that of the trial court or of the appellate court cannot be made at this time. Preisner, supra.
The court finds that plaintiff D'Elia Associates of Connecticut is obligated to pay to the defendant William Cooper the amounts specified in the parties Consulting Agreement for the four-year term stated herein. Accordingly, William Cooper's Motion for Summary Judgment is granted for purposes of liability, and the Motion for Summary Judgment of D'Elia Associates is denied.
 ORDER
The Court hereby orders the Clerk to schedule an immediate hearing before a judge trial referee to determine the amount of damages.
Clarence J. Jones, Judge